Filed          24-CI-00265          04/26/2024                          Doug Fain, Jessamine Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/16/2024 11:10:57
AM
81357-1

**COMMONWEALTH OF KENTUCKY**
**JESSAMINE COUNTY CIRCUIT COURT**
**DIVISION _____**
**CASE NO. _____**

**LORI RENDON**                                                          **PLAINTIFFS**
105 Waxwing Lane
Nicholasville, KY 40356

    and

**GIL RENDON**
105 Waxwing Lane
Nicholasville, KY 40356

       **vs.**

                                **DEFENDANTS**

**TARGET CAPITAL CORPORATION**
1000 Nicollet Mall
Minneapolis, MN 55403

**PLEASE SERVE:**
Kentucky Secretary of State-Statutory
Agent for Service of Process, Pursuant to
KRS 454.210

    and

**TARGET GENERAL**
**MERCHANDISE, INC.**
1000 Nicollet Mall
Minneapolis, MN 55403

**PLEASE SERVE:**
Kentucky Secretary of State-Statutory
Agent for Service of Process, Pursuant to
KRS 454.210

    and

**TARGET ENTERPRISE, INC.**
1000 Nicollet Mall
Minneapolis, MN 55403

EX A

Presiding Judge: HON. HUNTER DAUGHERTY (613171)

COM : 000001 of 000015

NOT ORIGINAL

08/16/2024 11:10:57

81357-1

**PLEASE SERVE:**
Kentucky Secretary of State-Statutory Agent for Service of Process, Pursuant to KRS 454.210

and

**TARGET BRANDS, INC.**
1000 Nicollet Mall
Minneapolis, MN 55403

**PLEASE SERVE:**
Kentucky Secretary of State-Statutory Agent for Service of Process, Pursuant to KRS 454.210

and

**HANNA'S CANDLE COMPANY, INC.**
c/o THOMAS D. STOCKLAND
157 E. Colt Drive, Suite 1
Fayetteville, AR72703

**PLEASE SERVE:**
Kentucky Secretary of State-Statutory Agent for Service of Process, Pursuant to KRS 454.210

and

**THE YANKEE CANDLE COMPANY, INC.**
6655 Peachtree Dunwoody Road
Atlanta, GA 30328

**PLEASE SERVE:**
Kentucky Secretary of State-Statutory Agent for Service of Process, Pursuant to KRS 454.210

and

**NEWELL BRANDS DISTRIBUTION, LLC**

Presiding Judge: HON. HUNTER DAUGHERTY (613171)

COM : 000002 of 000015

2

Filed          24-CI-00265          04/26/2024          Doug Fain, Jessamine Circuit Clerk

NOT ORIGINAL

DOCUMENT

AM

08/16/2024 11:10:57

81357-1

6655 Peachtree Dunwoody Road
Atlanta, GA 30328

**PLEASE SERVE:**
Kentucky Secretary of State-Statutory
Agent for Service of Process, Pursuant to
KRS 454.210

---

## COMPLAINT AND JURY DEMAND

---

**NOW COMES** Plaintiffs, Lori Rendon and Gil Rendon, by counsel, and for their Complaint against the above Defendants, Target Capital Corporation, Target General Merchandise, Inc., Target Enterprise, Inc., Target Brands, Inc., Hanna's Candle Company, Inc., The Yankee Candle Company, Inc. and Newell Brands Distribution, LLC (collectively "Defendants"), state as follows:

### I - PARTIES

1. Plaintiff Lori Rendon is and was at all times relevant a resident of Nicholasville, Jessamine County, Kentucky.

2. Plaintiff Gil Rendon is and was at all times relevant a resident of Nicholasville, Jessamine County, Kentucky.

3. Defendant Target Capital Corporation ("Target Corp.") is and was at all times relevant a corporation with its principal place of business located at 1000 Nicollet Mall TPS 3155 Minneapolis, MN 55403. Target Corp. regularly conducted

3

Filed          24-CI-00265          04/26/2024          Doug Fain, Jessamine Circuit Clerk

Presiding Judge: HON. HUNTER DAUGHERTY (613171)

COM : 000003 of 000015

Filed   24-CI-00265   04/26/2024   Doug Fain, Jessamine Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/16/2024 11:10:57
AM
81357-1

commerce in the Commonwealth of Kentucky, including owning and operating several retail locations, selling and delivering merchandise throughout the Commonwealth via electronic and online orders, and marketing its locations and products throughout the Commonwealth. Consistent with KRS 454.210, the Kentucky Secretary of State will serve Target Corporation through its registered agent for service of process: CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

4. Defendant Target Enterprise, Inc. ("Target Enterprise") is and was at all times relevant a corporation with its principal place of business located at 1000 Nicollet Mall TPS 3155 Minneapolis, MN 55403. Target Enterprise regularly conducted commerce in the Commonwealth of Kentucky, including owning and operating several retail locations, selling and delivering merchandise throughout the Commonwealth via electronic and online orders, and marketing its locations and products throughout the Commonwealth. Target Enterprise markets, assembles, and distributes products under various brand trademarks, including "OpalHouse." Consistent with KRS 454.210, the Kentucky Secretary of State will serve Target Enterprise through its registered agent for service of process: CT Corporation System, 1010 Dale Street North, St. Paul MN 55117.

5. Defendant Target Brands, Inc. ("Target Brands") is and was at all times relevant a corporation with its principal place of business located at 1000 Nicollet Mall TPS 3155 Minneapolis, MN 55403. Target Brands regularly conducted commerce in the Commonwealth of Kentucky, including owning and operating several retail locations, selling and delivering merchandise throughout the Commonwealth via

4

Presiding Judge: HON. HUNTER DAUGHERTY (613171)

COM : 000004 of 000015

Filed          24-CI-00265     04/26/2024          Doug Fain, Jessamine Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/16/2024 11:10:57
AM
81357-1

electronic and online orders, and marketing its locations and products throughout the Commonwealth. Target Brands markets, assembles, and distributes products under various brand trademarks, including "OpalHouse."  Consistent with KRS 454.210, the Kentucky Secretary of State will serve Target Brands through its registered agent for service of process: CT Corporation System, 1010 Dale Street North, St. Paul MN 55117.

6. Defendant Target General Merchandise, Inc. ("Target Merch.") is and was at all times relevant a corporation with its principal place of business located at 1000 Nicollet Mall TPS 3155 Minneapolis, MN 55403. Target Merch. regularly conducted commerce in the Commonwealth of Kentucky, including owning and operating several retail locations, selling and delivering merchandise throughout the Commonwealth via electronic and online orders, and marketing its locations and products throughout the Commonwealth. Target Merch. markets, assembles, and distributes products under various brand trademarks, including "Opalhouse." Consistent with KRS 454.210, the Kentucky Secretary of State will serve Target General Merchandise, Inc. through its registered agent for service of process: CT Corporation System, 1010 Dale Street North, St. Paul, MN 55117.

7. Defendant Hanna's Candle Company, Inc., ("Hanna's, Inc.) is and was at all times relevant a corporation with its principal place of business located at 3655 South School Street, Fayetteville, AR 72701. Upon information and belief, Hanna's advertises, promotes, manufactures, and sells various home products, including candles. Consistent with KRS 454.210, the Kentucky Secretary of State will serve

Presiding Judge: HON. HUNTER DAUGHERTY (613171)

COM : 000005 of 000015

5

Filed          24-CI-00265          04/26/2024          Doug Fain, Jessamine Circuit Clerk

NOT ORIGINAL DOCUMENT
08/16/2024 11:10:57 AM
81357-1

Hanna's through its registered agent for service of process: Thomas D. Stockland, 157 E. Colt Drive, Suite 1, Fayetteville, AR 72703.

8. Defendant The Yankee Candle Company, Inc. ("Yankee Candle.") is and was at all times relevant a corporation with its principal place of business located at 6655 Peachtree Dunwoody Road, Atlanta, GA.. Yankee Candle regularly conducted commerce in the Commonwealth of Kentucky, including owning and operating several retail locations, selling and delivering merchandise throughout the Commonwealth via electronic and online orders, and marketing its locations and products throughout the Commonwealth. Consistent with KRS 454.210, the Kentucky Secretary of State will serve Yankee Candle through its registered agent for service of process: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

9. Defendant Newell Brands Distribution, LLC ("Newell, LLC") is and was at all times relevant a corporation with its principal place of business located at 6655 Peachtree Dunwoody Road, Atlanta, GA.. Newell, LLC regularly conducted commerce in the Commonwealth of Kentucky, including owning and operating several retail locations, selling and delivering merchandise throughout the Commonwealth via electronic and online orders, and marketing its locations and products throughout the Commonwealth. Consistent with KRS 454.210, the Kentucky Secretary of State will serve Newell, LLC through its registered agent for service of process: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

Presiding Judge: HON. HUNTER DAUGHERTY (613171)

COM : 000006 of 000015

6

Filed                    24-CI-00265        04/26/2024                    Doug Fain, Jessamine Circuit Clerk

NOT ORIGINAL

08/16/2024 11:10:57

81357-1

**II – JURISDICTION & VENUE**

10. Venue and jurisdiction are proper in Jessamine Circuit Court because this was the location where Plaintiff Lori Rendon suffered injuries. Upon information and belief, Defendants regularly conducted business in Kentucky, including the advertising, promotion, marketing, distribution, and sales of home products and equipment under various brands and trademarks.

**III - FACTUAL BACKGROUND**

11. Plaintiff Lori Rendon obtained a candle branded OpalHouse, a registered trademark of Target Brands manufactured by Yankle Candle and/or Newell, LLC.

12. Upon information and belief, the OpalHouse™ Sweet Escape Scented Candle (hereafter "The Candle") was purchased at a Target Capital store.

13. On April 28, 2023, Lori lit the Candle. She observed candle wax dripping onto the floor. She attempted to move the Candle to prevent spilling, when the glass encasement broke, lacerating her finger and severing her digital nerve.

14. Plaintiffs were not aware by warning or otherwise of the defects in the Candle and would not have accepted or used the Candle had they been aware of the defective nature of the product.

15. As a direct and proximate cause of the defective nature of the product, including its manufacture, assembly, lack of warning, marketing, advertising, promotion, and distribution, Plaintiffs suffered and continue to suffer injuries and damages, including past and future medical expenses, lost wages, impairment of earning

Presiding Judge: HON. HUNTER DAUGHERTY (613171)

COM : 000007 of 000015

7

Filed          24-CI-00265     04/26/2024          Doug Fain, Jessamine Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/16/2024 11:10:57
AM
81357-1

capacity, past and future pain and suffering, loss of consortium, mental anguish, and inconvenience.

## IV – CAUSES OF ACTION

## COUNT I – STRICT PRODUCTS LIABILITY

16. Plaintiffs incorporate by reference paragraphs 1 through 15 as if fully set out herein.

17. At all relevant times, the Candle was researched, designed, tested, advertised, promoted, marketed, packaged, labeled, sold, imported, manufactured, and/or distributed by Defendants was unsafe, defective, and unreasonably dangerous to users and consumers, such as Plaintiff Lori Rendon.

18. The Candle was expected to and did reach the usual consumers, handlers, and persons, including Plaintiff Lori Rendon, coming into contact with said product without substantial change in the condition in which it was produced, manufactured, sold, distributed, and marketed by Defendants.

19. At all relevant times, the Candle was researched, designed, tested, advertised, promoted, marketed, packaged, labeled, sold, imported, manufactured, and/or distributed by Defendants in an unsafe, defective, and unreasonably dangerous condition when it entered the stream of commerce.  As designer, importer, manufacturer, and/or seller of these products, Defendants had a duty to design, manufacture, import, test, and sell products that would not harm consumers, including Plaintiffs.

20. The Candle's unsafe, defective, and unreasonably dangerous condition was a significant factor in causing Plaintiff Lori Rendon's injuries.

Presiding Judge: HON. HUNTER DAUGHERTY (613171)

COM : 000008 of 000015

8

Filed          24-CI-00265    04/26/2024          Doug Fain, Jessamine Circuit Clerk

NOT ORIGINAL

08/16/2024 11:10:57

81357-1

21. The Candle failed to perform safely as an ordinary consumer would expect when used in an intended or foreseeable manner.

22. Plaintiff Lori Rendon was a foreseeable user and consumer of the Candle and used the Candle in a reasonable and foreseeable manner.

23. Defendants had a duty to create, test, and distribute products that were not unreasonably dangerous in their normal and intended use. Defendants breached this duty.

24. Because the Candle failed within five years of purchase, Defendants' acts and omissions constitute a violation of the Kentucky Products Liability Act ("KPLA"), KRS 411.300.

25. Defendants had a duty under common law and the KPLA to create a product that was not unreasonably dangerous for its normal intended use and breached this duty.

26. Defendants are strictly liable for the injuries sustained by Plaintiffs.

27. As a direct and proximate result of Defendants' placement of the Candle into the stream of commerce, Plaintiffs have and will continue to experience significant physical and mental pain and suffering, severe and permanent injuries requiring past and future medical treatment, disfigurement, impairment, loss of enjoyment of life, loss of consortium, and financial losses including past and future medical expenses, lost income, and impairment of earning capacity.

### COUNT II– FAILURE TO WARN

28. Plaintiffs adopt and incorporate by reference paragraphs 1 through 27 as if fully set out herein.

9

Presiding Judge: HON. HUNTER DAUGHERTY (613171)

COM : 000009 of 000015

Filed          24-CI-00265    04/26/2024          Doug Fain, Jessamine Circuit Clerk

NOT ORIGINAL DOCUMENT
08/16/2024 11:10:57 AM
81357-1

29. At all relevant times, Defendants researched, designed, tested, advertised, promoted, marketed, packaged, labeled, sold, imported, manufactured, distributed, and placed into the stream of commerce the Candle. Defendants had a duty to warn of the risks associated with use of this product and breached this duty.

30. The Candle was expected to and did reach Plaintiffs without substantial change or adjustment in its condition as designed, manufactured, imported, and/or sold by Defendants.

31. The Candle as designed, manufactured, imported, developed, tested, marketed, labeled, sold, and/or placed in the stream of commerce by Defendants was in an unreasonably dangerous and defective condition when it left the hands of Defendants and posed a threat to any use of the product when put to its intended and reasonably anticipated use.

32. Plaintiffs were and are the class of person that Defendants knew or should have known to be subject to harm caused by the defective Candle.

33. Defendants failed to timely and reasonably warn Plaintiffs of material facts regarding the safety and efficacy of the Candle.

34. As a direct and proximate cause of the Defendants' failure to warn of risks that the Candle may fail that were either known or reasonably should have been known by Defendants, Plaintiffs suffered damages including physical and mental pain and suffering, severe and permanent injuries requiring past and future medical treatment, disfigurement, impairment, loss of enjoyment of life, loss of consortium, and financial losses including past and future medical expenses, lost income, and impairment of earning capacity.

Presiding Judge: HON. HUNTER DAUGHERTY (613171)

COM : 000010 of 000015

10

Filed          24-CI-00265     04/26/2024          Doug Fain, Jessamine Circuit Clerk

DOCUMENT

AM

NOT ORIGINAL

08/16/2024 11:10:57

81357-1

### COUNT III– NEGLIGENCE

35. Plaintiffs adopt and incorporate by reference paragraphs 1 through 34 as if fully set out herein.

36. At all relevant times, Defendants owed a duty to individuals, including Plaintiffs, to exercise reasonable and ordinary care in the design, development, manufacturing, importing, packaging, labeling, instructions, warnings, sale, marketing, testing, and distribution of the Candle. Defendants breached their duties to exercise reasonable and ordinary care in the design, development, manufacturing, importing, packaging, labeling, instructions, warnings, sale, marketing, testing, and distribution of the Candle.

37. As a direct and proximate cause of the Defendants' negligence, Plaintiffs suffered damages including physical and mental pain and suffering, severe and permanent injuries requiring past and future medical treatment, disfigurement, impairment, loss of enjoyment of life, loss of consortium, and financial losses including past and future medical expenses, lost income, and impairment of earning capacity.

### COUNT IV– NEGLIGENT MISREPRESENTATION

38. Plaintiffs adopt and incorporate by reference paragraphs 1 through 37 as if fully set out herein.

39. At the time Defendants designed, manufactured, imported, marketed, sold, or distributed the Candle for use by Plaintiff, they knew or should have known of the dangerous defects of the Candle.

11

Presiding Judge: HON. HUNTER DAUGHERTY (613171)

COM : 000011 of 000015

Filed          24-CI-00265     04/26/2024          Doug Fain, Jessamine Circuit Clerk

Filed      24-CI-00265      04/26/2024      Doug Fain, Jessamine Circuit Clerk

DOCUMENT

AM

NOT ORIGINAL

08/16/2024 11:10:57

81357-1

40. Defendants owed a duty to consumers, like Plaintiff, to accurately and truthfully disclose the risks of the Candle and the true nature of its composition and specifications.

41. Defendants breached that duty by misrepresenting and/or failing to adequately warn Plaintiff and the public about the risks of the Candle and/or the true nature of the Candle's composition and specifications, which Defendants knew or in the existence of diligence should have known.

42. As a direct and proximate result of Defendant's negligent misrepresentation Plaintiff's have experienced and will continue in the future to experience significant mental and physical pain and suffering. Plaintiff Lori Rendon has sustained severe and permanent injuries requiring past and future medical treatment, resulting in disability, impairment, loss of enjoyment of life, loss of care, comfort, consortium, and has incurred financial or economic loss, including, but not limited to, past and future medical expenses, lost income, impairment to her power to labor and earn, and other damages.

### COUNT V– LOSS OF CONSORTIUM

43. Plaintiffs adopt and incorporate by reference paragraphs 1 through 42 as if fully set out herein.

44. As a result of the acts and omissions of Defendants, set forth above, Plaintiff, Gil Rendon was deprived and is now deprived of the services, assistance, aid, society, love, affection, companionship, and conjugal relationship of his wife, Lori Rendon, and is entitled to recover damages pursuant to KRS 411.145 for his loss of consortium in addition to his rights at common law. The damages incurred by

Presiding Judge: HON. HUNTER DAUGHERTY (613171)

COM : 000012 of 000015

12

Filed 24-CI-00265 04/26/2024 Doug Fain, Jessamine Circuit Clerk

NOT ORIGINAL DOCUMENT

08/16/2024 11:10:57 AM

81357-1

Plaintiff, Gil Rendon, exceed the minimum amount required for the jurisdiction of the Court.

## V - DAMAGES

45. Plaintiffs hereby incorporate by reference paragraphs 1 through 44 as if fully set out herein.

46. That Plaintiffs have suffered general, special, incidental, and consequential damages as the direct and proximate result of the acts and omissions of the Defendants, in an amount that shall be fully proven at the time of trial which include, but are not limited to:

    A.  damages for general pain and suffering, both past and future;

    B.  damages for loss of enjoyment of life, both past and future;

    C.  medical and medical related expenses, both past and future;

    D.  pharmaceutical expenses, past and future;

    E.  lost wages, past and future;

    F.  diminished earning capacity;

    G.  disfigurement;

    H.  loss of enjoyment of life;

    I.  loss of consortium; and

    J.  all other ordinary, incidental, or consequential damages that would or could be reasonably anticipated to arise under the circumstances.

Presiding Judge: HON. HUNTER DAUGHERTY (613171)

COM : 000013 of 000015

13

Filed        24-CI-00265     04/26/2024        Doug Fain, Jessamine Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/16/2024 11:10:57
AM
81357-1

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Lori Rendon and Gil Rendon demand the following relief:

1. Judgment against Defendants, Target Capital Corporation, Target General Merchandise, Inc., Target Enterprise, Inc., Target Brands, Inc., Hanna's Candle Company, Inc., The Yankee Candle Company, Inc. and Newell Brands Distribution, LLC  for compensatory damages in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court, and for such amount as a jury may find fair and reasonable as shown by the evidence;

2. Plaintiff's costs and attorney's fees herein expended;

3. Interest on any amount which they may be awarded to accrue from the date of this filing of this action until paid;

4. All such additional and/or further relief as this Court deems just and equitable; and

5. **A TRIAL BY JURY ON ALL ISSUES.**

Respectfully submitted,

*/s/: J. Benjamin Pittenger*
J. Benjamin Pittenger (0096230)
Daniel Sullivan (0099645)
Pittenger Law Office, PLLC
600 W Main Street
5th Floor, Louisville, KY 40202
Phone: (502)890-6948
ben@pittlawoffice.com
daniel@pittlawoffice.com
***Attorneys for Plaintiffs***

14

Presiding Judge: HON. HUNTER DAUGHERTY (613171)

COM : 000014 of 000015

Filed          24-CI-00265    04/26/2024          Doug Fain, Jessamine Circuit Clerk

NOT ORIGINAL DOCUMENT

08/16/2024 11:10:57 AM

81357-1

## INSTRUCTIONS TO CLERK

Please serve this Complaint via Secretary of State on the named Defendants at the addresses identified in the caption.

/s/: J. Ben Pittenger
J. Benjamin Pittenger (0096230)

## CERTIFICATE OF SERVICE

Plaintiffs certify that the following parties have been notified by certified mail of possible subrogation interests pursuant to KRS 411.182:

United Healthcare
Attn: Recovery Team
PO Box 29065
Hot Springs, AR 71903

/s/: J. Ben Pittenger
J. Benjamin Pittenger (0096230)

15

Presiding Judge: HON. HUNTER DAUGHERTY (613171)

COM : 000015 of 000015